**FILED**

OCT 31 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| THEODORA R. GOGGINS, ) | |
| Plaintiff, ) | |
| vs. ) | Civil Action No. CV-02-S-3216-NE |
| DILLARD'S, INC., ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss, or in the alternative, to stay the action and to compel arbitration.[1] The court denied defendant's motion in February of this year, holding that, because defendant's arbitration rules provide for plaintiff's recovery of attorneys' fees only if she *completely* prevails in the arbitration, the rules undermine her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*[2] Defendant appealed to the Eleventh Circuit Court of Appeals,[3] which vacated this court's ruling in light of the holding in *Musnick v. King Motor Co. of Fort Lauderdale,* 325 F.3d 1255 (11th Cir. 2003), and remanded the case to this court for reconsideration of defendant's motion.[4]

In *Musnick,* which was decided approximately one month after this court denied defendant's motion, the Eleventh Circuit held that "an arbitration agreement is not

---

[1] Doc. no. 4.

[2] Doc. no. 11. The court based its ruling on the fact that, under Title VII, a plaintiff may recover attorneys' fees even if she is only *partially* successful. *See* doc. no. 10 (memorandum opinion) at 4.

[3] Doc. no. 13 (notice of appeal).

[4] Doc. no. 24.



unenforceable merely because it may involve some 'fee-shifting.'" *Musnick,* 325 F.3d at 1259. Rather, "[t]he party seeking to avoid arbitration under such an agreement has the burden of establishing that enforcement of the agreement would 'preclude' him from 'effectively vindicating [his] federal statutory right in the arbitral forum.'" *Id.* (citing *Green Tree Financial Corp. v. Randolph,* 531 U.S. 79, 90, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000)). Musnick's assertion that being required to pay fees and costs if he did not prevail in the arbitration would deprive him of his Title VII rights was deemed to be "too speculative," because he had not yet been assessed with any fees and might not ever be assessed with any. *Musnick,* 325 F.3d at 1260. A plaintiff in arbitration should first wait to see if he actually is taxed with any fees or costs, then discuss his concerns over the fee-shifting provision with the arbitrator, and finally, if the plaintiff is dissatisfied with the arbitrator's determination, he should seek relief from the district court. *Id.* at 1261. Based on *Musnick,* the Eleventh Circuit held this court's decision that the fee-shifting provision in defendant's arbitration agreement was too speculative because "the partially-prevailing plaintiff scenario may not present itself in resolving this case."[5] Accordingly, this court should not have denied defendant's motion to compel arbitration for the reason it gave.[6]

In its certified order to this court, the Eleventh Circuit stated that the court should address the arguments raised in plaintiff's opposition to the motion to compel arbitration, in light of the *Musnick* holding.[7]

---

[5] *Id.* at 3.
[6] *See id.*
[7] *Id.* at n. 1.

-2-

## I. FACTUAL BACKGROUND

Plaintiff was first employed by defendant's corporate predecessor in 1983.[8] It is not clear from the evidentiary materials and briefs submitted to this court whether plaintiff's employment with defendant was ever terminated. Nevertheless, the following facts are clear. During August of 2001, plaintiff was working as a salesperson at defendant's "Dillard's" department store located in the "Madison Square Mall" in Huntsville, Alabama.[9] Around that same time, defendant instituted a compulsory arbitration program, pursuant to which all of its employees at the Madison Square Mall store were required to enter into an arbitration agreement with defendant.[10] The pertinent terms of that agreement required both defendant and its employees to submit certain types of disputes to arbitration, including claims of "[d]iscrimination or harassment on the basis of . . . race. . . . [and] [r]etaliation for . . . exercising your protected rights under any statute."[11] Plaintiff was provided a copy of the arbitration rules.[12] She also attended a meeting of employees at which the arbitration rules were explained.[13] Following that meeting, plaintiff signed a form entitled "Acknowledgment of Receipt of Rules for Arbitration," which stated that "Employees are deemed to have agreed to the provisions of the Rules by virtue of accepting employment with the Company *and/or continuing employment therewith.*"[14]

---

[8] *See* doc. no. 1 (complaint) at ¶ 7.
[9] Doc. no. 4, Exhibit A (Davis Declaration) at 1.
[10] *Id.*
[11] Defendant's motion to dismiss/compel arbitration, Tab 1 (Rules of Arbitration), at 1.
[12] Davis Declaration at 1.
[13] *Id.*
[14] Defendant's motion to dismiss/compel arbitration, Tab 2 (Acknowledgment of Receipt of Rules

Plaintiff subsequently filed this action on December 30, 2002, alleging that defendant discriminated against her because of her race, and retaliated against her for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981.[15] Defendant moved to compel arbitration and to stay, or to dismiss, these proceedings during the pendency of the arbitration,[16] and plaintiff responded.[17] Upon consideration of the pleadings, briefs, and evidentiary submissions, this court is of the opinion that defendant's motion is due to be granted.

## II. DISCUSSION

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA" or "the Act"), establishes a federal policy favoring arbitration. *See, e.g., Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 107 S. Ct. 2332, 96 L.Ed.2d 185 (1987). Under the Act, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941, 74 L.Ed.2d 765 (1983).

The existence of a valid contract to arbitrate is determined by state law. *See First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S. Ct. 1920, 1924, 131 L. Ed. 2d 985 (1995). Under Alabama law, there are two prerequisites for a valid arbitration contract: "(1) there must be a written agreement calling for arbitration[;] and (2) the contract in which

---

for Arbitration), at 1 (emphasis supplied).
    [15]*See* complaint.
    [16]Doc. no. 4.
    [17]Doc. no. 6.

-4-

the arbitration agreement appears must relate to a transaction involving interstate commerce." *Prudential Securities v. Micro-Fab, Inc.*, 689 So. 2d 829, 832 (Ala. 1997) (citation omitted). Both requirements are satisfied in this case.

### A. Written Arbitration Agreement

First, a written agreement calling for arbitration exists. Plaintiff was provided with a written copy of defendant's Rules of Arbitration,[18] and she signed a written "Acknowledgment of Receipt of Rules for Arbitration."[19] The Acknowledgment states in plain terms that plaintiff received copies of the agreement to arbitrate and of the arbitration rules.[20] The Acknowledgment further states that plaintiff agreed to the provisions of defendant's arbitration rules by continuing her employment with defendant.[21]

Plaintiff contends that she did not enter into a valid contract with defendant because the essential elements of a contract (offer, acceptance, consideration, and mutual assent) were not present. Plaintiff's argument fails in all respects. Defendant offered plaintiff the right to continued employment if she agreed to the arbitration rules, and plaintiff accepted that offer when she signed the Acknowledgment and continued to work for defendant. *See Hoffman-LaRoche, Inc. v. Campbell,* 512 So. 2d 725, 733-34 (Ala. 1987) (recognizing formation of unilateral contracts through employment policies or employee handbooks coupled with continuation of employment, even if the arbitration rules are adopted after the employee has

---

[18]Davis Declaration at 1.
[19]*Id.* at Exhibit 2.
[20]*See id.*
[21]*Id.*

-5-

been hired). Plaintiff's choice to continue in her job, after being notified of the arbitration rules, provides the consideration necessary to support the agreement. *See id.* at 734.[22] Finally, plaintiff's assent to the arbitration rules is apparent from her signature on the Acknowledgment. Accordingly, a written agreement to arbitrate exists.

**B.     Interstate Commerce**

Second, the arbitration agreement relates to a subject, plaintiff's employment, which substantially affects interstate commerce. The arbitration rules specifically state: "[t]he parties agree that [defendant] operates in many states in interstate commerce. Therefore, it is agreed that the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*[.], shall apply to these rules and govern the arbitration."[23] Any activity that has a substantial effect on interstate commerce falls within Congress' Commerce Clause power. *See United States v. Morrison,* 529 U.S. 598, 611, 120 S. Ct. 1740, 1750, 146 L. Ed. 2d 658 (2000); *Katzenbach v. McClung,* 379 U.S. 294, 299-300, 85 S. Ct. 377, 381-82, 13 L. Ed. 2d 290 (1964); *Heart of Atlanta Motel, Inc. v. United Staes,* 379 U.S. 241, 253-54, 85 S. Ct. 348, 355-56, 13 L. Ed. 2d 258 (1964). Dillard's operates

---

[22]Plaintiff contends that the Acknowledgment is unconscionable because it was a "pressure tacit [sic] to coerce her to sign the document so that she may be allowed to continue her employment with defendant." Doc. no. 6 (opposition to motion to compel arbitration) at 3. On the contrary, it is well-settled that an employer *can* legally make compulsory arbitration a condition of employment. *See generally Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001); *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S. Ct. 1647, 114 L. Ed. 2d (1991). *See also Weeks v. Harden Manufacturing Corp.,* 291 F.3d 1307, 1315 (11th Cir. 2002); *Potts v. Baptist Health System, Inc.,* 853 So. 2d 194, 204-05 (Ala. 2002). Plaintiff also states that "there is no evidence in the record to suggest or prove that she actually received or reviewed" the arbitration rules and, thus, there is no way to know whether she actually knew the contents of the Rules. Doc. no. 6 (opposition to motion to compel arbitration) at 4. Again, plaintiff's argument fails. By signing the Acknowledgment, plaintiff agreed that she received a copy of the rules. Further, plaintiff attended an employee meeting, during which the rules were explained. Plaintiff cannot now deny that she received a copy of the rules, or that she was given ample opportunity to comprehend them.

[23] Defendant's motion to dismiss/compel arbitration, Tab 1 (Rules of Arbitration), at 1.

stores in many states, purchases goods and services from entities throughout the nation, and advertises nationwide.[24] In fact, most of the items sold in the Madison Square Dillard's store are purchased from other states.[25] Plaintiff regularly uses these out-of-state goods in her job, because she is responsible for selling these out-of-state goods to customers in her department.[26] Further, many of plaintiff's customers are likely from other states.

Plaintiff nevertheless contends that the arbitration agreement, as applied to her employment dispute, does not relate to interstate commerce, because she is not personally involved in many of defendant's nationwide activities, such as purchasing goods and services, advertising, and shipping goods across state lines. The court cannot hold, as plaintiff urges, that "[p]laintiff's assistance with customers and employment has *nothing* to do with defendant's purchasing products from vendors or defendant's advertising."[27] Rather, the court finds that plaintiff's job duty to interact with customers is substantially related to defendant's interstate activities. For example, the customers plaintiff works with are the very people for whom defendant conducts its advertising, makes its purchases, and ships its products. Plaintiff's service of those customers affects the quantity of items defendant sells, which in turn affects how much advertising defendant can afford to conduct, and how many goods defendant needs to order and have shipped for sale. Thus, plaintiff's employment with defendant *does* substantially relate to interstate commerce.

---

[24] Davis Declaration at 1.
[25] *Id.* at 2.
[26] *Id.* at 3.
[27] Doc. no. 6 (opposition to motion to compel arbitration) at 5 (emphasis supplied).

### C. Plaintiff's Other Arguments

Plaintiff advances several other arguments in opposition to defendant's motion to compel arbitration, none of which have merit.

#### 1. Arbitral forum does not limit plaintiff's rights

Plaintiff alleges that she should not be compelled to submit her claims to arbitration because arbitrating her claims will present "hurdles" for her that would not be present in a suit in federal court. For example, plaintiff alleges that the arbitration rules will not allow her to conduct the same discovery to which she would be entitled under federal statutes and the Federal Rules of Civil Procedure.[28] The arbitration rules provide that "[p]re-hearing discovery *may* take any form allowed by the Federal Rules of Civil Procedure."[29] The permissive verb "may" provides the arbitrator with discretion to alter the requirements of the Federal Rules "to meet the objectives of the arbitration process."[30] The same would be true, however, of a federal judge, if plaintiff's claims were proceeding in federal court. Thus, plaintiff's right to discovery may, in fact, be as broad as that allowed in a federal lawsuit.

Next, plaintiff argues that the arbitration rules deprive her of her rights because they do not state whether she will be entitled to the same recovery in the arbitral forum as she would be entitled to obtain under Title VII or 42 U.S.C. § 1981. Plaintiff correctly points out that the arbitration rules do not state with precision the kind of damage awards, fee awards, or injunctive relief to which plaintiff will be entitled as a result of the arbitration. Even so, the

---

[28]*Id.* at 6.

[29] Defendant's motion to dismiss/compel arbitration, Tab 1 (Rules of Arbitration), at 5 (emphasis supplied).

[30]*Id.*

rules also do not indicate that plaintiff's recovery in the arbitration proceeding would be limited in any way, or that she would recover less in arbitration than she would in recover in a suit in federal court. Thus, plaintiff's concerns are too "speculative" to prevent compelling arbitration of her claims. *See Musnick,* 325 F.3d at 1260. If, after an arbitration award has been entered, plaintiff still feels she has been deprived of her rights under federal law, plaintiff may seek judicial review of the arbitration award. *See id.*

Finally, plaintiff argues that arbitration of her claims will deprive her of federal rights because she may be required to bear the costs of arbitration. The court points out that plaintiff's share of the arbitration fee, $100,[31] is less than the $150 filing she was required to pay in this action. Further, the Eleventh Circuit's decision on appeal in this case makes it clear that plaintiff's concerns over paying costs in this action are too speculative to serve as grounds for denying the motion to compel arbitration.[32]

In light of the foregoing, plaintiff's rights will not be limited by her participation in the arbitral forum.

### 2. Civil rights claims for race discrimination can be arbitrated

Plaintiff next contends that civil rights claims for race discrimination should not be arbitrated, because arbitration would frustrate the deterrent purposes of the anti-discrimination statutes. The court does not agree. The Supreme Court has noted that, "'so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the

---

[31]*Id.* at 3. Plaintiff alleges that she has been demoted from her management position. Thus, as a non-management employee, plaintiff's share of the arbitration fee is $100. *Id.*

[32]Doc. no. 24.

arbitral forum, the statute will continue to serve both its remedial and deterrent function.'" *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 28, 111 S. Ct. 1647, 1653, 114 L. Ed. 2d 26 (1991) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 637, 105 S. Ct. 3346, 3359, 96 L. Ed. 2d 185 (1987)). Accordingly, employment disputes arising under civil rights statutes such as Title VII and 42 U.S.C. § 1981 can be, and often are, submitted to arbitration under the FAA, without frustration of the policies behind the statutes. *See Circuit City Stores, Inc.,* 532 U.S. 105, 121 S. Ct. 1302, 149 L. Ed. 2d 234.

### 3. Defendant has not waived arbitration as an affirmative defense.

Finally, plaintiff alleges that defendant waived its right to compel arbitration when it failed to raise arbitration as an affirmative defense in its answer. Plaintiff is incorrect. It is true that, "[g]enerally, a failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case." *See* 5 Wright & Miller, *Federal Practice and Procedure* § 1278 (2d ed. 1990). Here, however, defendant has not yet filed an answer.[33] Instead, defendant filed its motion to dismiss or to stay, and to compel arbitration *in lieu of* filing an answer. *See* Fed. R. Civ. P. 12(b) (requiring motions to dismiss to be made before a responsive pleading is filed). Defendant cannot be held to have waived arbitration as an affirmative defense because it failed to plead arbitration in an answer that does not exist. *See Serrano v. Torres,* 764 F.2d 47, 49 (1st Cir. 1985); *Perry v. Sullivan,* 207 F.3d 379, 382-83 (7th Cir. 2000).

---

[33]The court, on February 26, 2003, ordered defendant to file an answer by March 11, 2003. *See* doc. no. 11. On March 11, defendant moved to stay the case pending the appeal to the Eleventh Circuit (doc. no. 14), and the motion was granted on March 17 (doc. no. 18). Accordingly, defendant's answer was never filed.

### D. Coverage of Plaintiff's Claims

Finally, it is clear that plaintiff's claims are arbitrable under the terms of defendant's valid, enforceable Arbitration Rules. The Arbitration Rules specifically state that they apply to claims for racial discrimination, harassment, and retaliation,[34] which constitute all the claims in plaintiff's complaint.[35] Thus, all of plaintiff's claims should be submitted to arbitration.

## III. CONCLUSION

Plaintiff entered into a valid, enforceable arbitration agreement with defendant, pursuant to which she is required to submit all of the claims made the basis of this lawsuit to arbitration. Accordingly, defendant's motion to dismiss or to stay, and to compel arbitration, is due to be granted. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 31st day of October, 2003.

_____
United States District Judge

---

[34]Defendant's motion to dismiss/compel arbitration, Tab 1 (Rules of Arbitration), at 1.
[35]*See* complaint.